THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DAVIS DON CARPENTER, ADC #120443**                                                                 **PLAINTIFF**

**v.**                          **Case No. 5:19-cv-00169-KGB-PSH**

**WENDY KELLEY,** *et al.*                                                                                    **DEFENDANTS**

**ORDER**

Before the Court are the Proposed Findings and Partial Recommendation submitted by United States Magistrate Judge Patricia S. Harris on June 30, 2020 (Dkt. No. 40). The relevant procedural history is as follows. Plaintiff Davis Don Carpenter is currently confined at the Maximum Security Unit ("MSU") of the Arkansas Department of Correction ("ADC") in Tucker, Arkansas. On May 15, 2019, Mr. Carpenter filed a *pro se* civil rights complaint against several officials of the ADC, alleging that they violated his constitutional rights by being deliberately indifferent to his health and safety (Dkt. No. 1). At the Court's direction, Mr. Carpenter filed an amended complaint on June 5, 2019 (Dkt. No. 6). Mr. Carpenter sues former ADC Director Wendy Kelley, former MSU Warden Danny Burl, MSU Officer Marquis Hood (collectively, "defendants").[1] Each defendant is sued both individually and in their official capacities.

On December 6, 2019, defendants filed a motion for summary judgment, alleging that Mr. Carpenter failed to exhaust his administrative remedies (Dkt. No. 29). Mr. Carpenter filed a response in opposition to the motion (Dkt. No. 37). On June 30, 2020, Judge Harris issued her Proposed Findings and Partial Recommendation, recommending that defendants' motion for summary judgment be granted in part and denied in part (Dkt. No. 40). Specifically, Judge Harris recommends that Mr. Carpenter's claims against Director Kelley and Warden Burl be dismissed

---

[1] Certain Doe defendants have been dismissed (Dkt. No. 36).

without prejudice (*Id.*). Judge Harris further recommends that Mr. Carpenter's claims against Officer Hood be dismissed without prejudice, except that his failure-to-protect claim, asserting that Officer Hood was deliberately indifferent to his safety by fleeing the barracks when another inmate, John Singleton, brandished a knife, has been exhausted and, therefore, should not be dismissed (*Id.*).

Defendants have filed a timely objection to Judge Harris' Proposed Findings and Partial Recommendation (Dk. No. 43). In their objection, defendants object only to Judge Harris' recommendation that Mr. Carpenter has exhausted his failure-to-protect claim against Officer Hood (*Id.* at 3). On this point, defendants raise essentially the same arguments made in their motion for summary judgment. The Court finds Judge Harris' reasoning in her Proposed Findings and Partial Recommendation to be sound (Dkt. No. 40, at 8–13). Therefore, and after careful consideration of the Proposed Findings and Partial Recommendation and defendants' objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Harris' conclusions.

Accordingly, the Court adopts the Proposed Findings and Partial Recommendation in their entirety as this Court's findings of fact and conclusions of law (Dkt. No. 40). The Court grants in part and denies in part defendants' motion for summary judgment (Dkt. No. 29). Specifically, the Court dismisses without prejudice Mr. Carpenter's claims against Director Kelley and Warden Burl, as well as his clams against Officer Hood, except that his failure-to-protect claim, asserting that Officer Hood was deliberately indifferent to his safety by fleeing the barracks when Mr. Singleton brandished a knife, may proceed.

The Court is aware that a suggestion of death of plaintiff Mr. Carpenter was filed by defendants on August 25, 2020 (Dkt. No. 44). Defendants state that "ADC records indicate

Plaintiff's closest living relative is his mother, Nadine Huff," and that "[a] copy of this Suggestion of Death will be sent to Ms. Huff at her last known address in Little Rock, Arkansas." (Dkt. No. 44, ¶ 3).  The 90-day time limit set forth in Rule 25(a)(1) of the Federal Rules of Civil Procedure is triggered when a suggestion of death is filed and served on an appropriate representative of the estate in the manner provided by Federal Rule of Civil Procedure 4.  *See Giles v. Campbell*, 698 F.3d 153, 159 n. 5 (3d Cir.2012); *Barlow v. Ground*, 39 F.3d 231, 233–34 (9th Cir. 1994); *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985).  The Court directs defendants to file a written status report with the Court on or before December 3, 2020.

    It is so ordered this 30th day of September, 2020.

                                        */s/ Kristine G. Baker*
                                        Kristine G. Baker
                                        United States District Judge