IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DAVIS DON CARPENTER**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #120443**

v.　　　　　　　　No: 5:19-cv-00169 KGB-PSH

**MARQUIS HOOD**　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Davis Don Carpenter filed a complaint pursuant to 42 U.S.C. § 1983 on May 15, 2019, alleging that several defendants failed to protect him from an attack while he was incarcerated at the Arkansas Division of Corrections' Maximum Security Unit in 2016. Doc. Nos. 1 & 6. On August 25, 2020, defendants Danny

Burl, Marquis Hood, and Wendy Kelley[1] filed a Suggestion of Death, notifying the Court and the parties in the case that Mr. Carpenter died on July 17, 2020. *See* Doc. No. 44. Defendants stated that they mailed a copy of the Suggestion of Death to Mr. Carpenter's mother, Ms. Nadine Huff, at her last known address. On November 30, 2020, defendant Mr. Marquis Hood filed a status report stating that the letter sent to Ms. Huff on August 25, 2020, containing the Suggestion of Death was not returned as undeliverable but no contact had been made by Ms. Huff before the date of the status report. Doc. No. 49. At the Court's direction, the defendants re-mailed the Suggestion of Death to Ms. Huff by certified mail return receipt. *See* Doc. No. 50. According to a notice filed by the defendants, the return receipt was returned as unclaimed. *Id.* A copy of the unclaimed receipt was attached to the defendants' notice. *See* Doc. No. 50-1.

Federal Rule of Civil Procedure ("FRCP") 25(a)(1) provides that following the death of a party, an action must be dismissed if a motion to substitute the party is not filed within 90 days after service of a statement noting the death. A statement noting the death of a party must be served on parties as provided in FRCP 5 and on nonparties as provided in FRCP 4. FRCP 25(a)(3).

---

[1] Carpenter's claims against defendants Danny Burl and Wendy Kelley were subsequently dismissed for failure to exhaust administrative remedies. *See* Doc. No. 46.

In this case, the defendants filed a Suggestion of Death with the Clerk of Court and served it upon the parties in the case in accordance with FRCP 5. Plaintiff's mother was also notified at her last known address, and an attempt was made to serve her by certified mail return receipt. The return receipt indicates that Plaintiff's mother is no longer at her last known address. The Court is aware of no other nonparties entitled to service. The service provided by defendants is sufficient for the Court to dismiss the case in the absence of a timely motion for substitution pursuant to FRCP 25(a)(1). *See e.g.*, *Chobot v. Flowers*, 169 F.R.D. 263, 266 (1996); *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973). Since it has been more than 90 days since the Suggestion of Death was filed and no motion to substitute a party for Carpenter has been filed, it is recommended that this case be dismissed without prejudice.

DATED this 9th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE